UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES M. LANIER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAN JOAQUIN VALLEY OFFICIALS ASSOCIATION, *et al*.<br><br>　　　　Defendants. | 14-cv-01938-JAM-GSA<br><br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S COMPLAINT**<br><br><br>**(ECF No. 1)** |

**I.   INTRODUCTION**

Plaintiff James M. Lanier ("Plaintiff"), appearing *pro se*, filed a Complaint (the "Complaint") on December 4, 2014. (ECF No. 1.) The Complaint alleges violations of 42 U.S.C. §§ 1981, 1983, and 2000d against the San Joaquin Valley Officials Association and the individual members of the Association's Board of Directors (collectively, the "Defendants"). *Id*. The Court has screened the Complaint and makes its recommendations herein.

**II.  LEGAL STANDARD**

Under 28 U.S.C. § 1915(e)(2), the Court must conduct a review of a complaint to determine whether it "state[s] a claim on which relief may be granted," is "frivolous or malicious," or "seek[s] monetary relief against a defendant who is immune from such relief." If

1

the Court determines that the complaint fails to state a claim, it must be dismissed. *Id.* Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. *Id*. at 678.

In determining whether a complaint states an actionable claim, the Court must accept the allegations in the complaint as true, *Hospital Bldg. Co. v. Trs. of Rex Hospital*, 425 U.S. 738, 740 (1976), construe pro se pleadings liberally in the light most favorable to the Plaintiff, *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Pleadings of pro se plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that pro se complaints should continue to be liberally construed after *Iqbal*).

### III. PLAINTIFF'S ALLEGATIONS

The Complaint explains that Plaintiff is an African-American male who owns and operates a company called the "SportsTime Officials Association" ("SportsTime"). SportsTime provides officiating services for school sports activities. In July 2013, Plaintiff sought to obtain subcontracting work for SportsTime from the San Joaquin Valley Officials Association

("SJVOA"), a nonprofit organization which had contracted with Fresno County to provide officiating services for its school sports programs. Plaintiff suggested to Defendants that they did not have a history of retaining African-American members and that retaining him would help to alleviate that lack of diversity. Plaintiff alleges that he was the most qualified candidate for the work for which he applied.

In August 2013, Plaintiff was informed that his proposal had been rejected by SJVOA's Board of Directors. Plaintiff alleges that he was the victim of disparate treatment because of his race and points to SJVOA's historical lack of African-American membership and subcontractors as evidence. He also suggests that a "glass ceiling" exists within SJVOA with respect to African-American contractors with SJVOA, although he does not specify particular practices to support this conclusion.

## IV. DISCUSSION

### a. 42 U.S.C. § 1981

Section 1981 is intended to "forbid all racial discrimination in the making of private as well as public contracts." *Martinez v. Oakland Scavenger Co.*, 680 F.Supp. 1377, 1388 (N.D. Cal. 1987). A claim under § 1981 thus requires a plaintiff to "show intentional discrimination on account of race." *Evans v. McKay*, 869 F.2d 1341, 1344 (9th Cir. 1989). Section 1981 can only be violated by purposeful discrimination. *General Bld. Contractor's Ass'n, Inc. v. Pennsylvania*, 458 U.S. 375, 391 (1982); *Evans*, 869 F.2d at 1344. "[O]vert acts coupled with some direct evidence that the defendants' conduct was motivated by racial animus" are sufficient to survive dismissal at the pleading stage of litigation. *Evans*, 869 F.2d at 1345, *citing Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

Plaintiff explains that he is African-American and applied to enter into a private contract with SJVOA. (Complaint ¶ 15(e), ECF No. 1.) He alleges that Defendants have a history of

excluding African-Americans from the SJVOA Board of Directors and from contracts with SJVOA. (Complaint ¶¶ 15(d), (g), ECF No. 1.) He also alleges that he was the most qualified candidate to apply for the contract, although he does not allege that the contract was eventually awarded to a non-African-American. (Complaint ¶ 15(f), ECF No. 1.)

Construing the Complaint liberally for the purposes of a pro se screening, Plaintiff has sufficiently stated a claim against Defendants.

### b. 42 U.S.C. § 1983

To state a claim under § 1983, a plaintiff "must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 677; *Simmons v. Navajo Cnty., Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009). The complaint must allege that every defendant also acted with the requisite state of mind to violate underlying constitutional provision. *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1070 (9th Cir. 2012).

Plaintiff does not explain which of his rights was violated by Defendants' actions that give rise to a § 1983 claim. *Buckley v. City of Redding*, 66 F.3d 188, 190 (9th Cir. 1995) ("In a section 1983 action, the plaintiff must establish that Congress created an enforceable statutory right"). However, the Complaint fails because the private parties named in the Complaint were not acting under color of state law. "[P]rivate parties are not generally acting under color of state law," and the mere allegation that a private party was acting under color of state law does not make it so. *Price v. State of Hawaii*, 939 F.2d 702, 707-08 (9th Cir. 1991); *Gauvin v. Trombatore*, 682 F.Supp. 1067, 1071 (N.D. Cal. 1988) ("The relationship between the state and the private actor which establishes state action must be pled in some detail"). The Complaint explains that

Defendants are a private business that contracts with Fresno County to provide sports officiating services and individuals associated with that business. A contractual relationship with a state actor does not convert a private business into a state actor itself, however. *Gauvin*, 682 F.Supp. at 1071 (private defendants who contracted with CalTrans not state actors under § 1983).

Leave to amend cannot remedy this deficiency. The allegations that Plaintiff has already made in the Complaint make clear that Defendants are not state entities. More factual allegations will not allow Plaintiff to resolve the inconsistencies he has already established in the Complaint.

### c. 42 U.S.C. § 2000d

Section 2000d of Title 42 of the United States Code provides that:

> No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance.

To state a claim under this statute, "a plaintiff need only allege that (1) the entity involved is engaging in racial discrimination; and (2) the entity involved is receiving federal financial assistance." *Clarke v. Upton*, 703 F.Supp.2d 1037, 1050 (E.D. Cal. 2010), *quoting Epileptic Found. v. City and County of Maui*, 300 F.Supp.2d 1003, 1011 (D. Haw. 2003). Plaintiff has pleaded both of these elements. He alleges that he was not retained to provide services for Defendants because they had a historical practice against working with any "African-American contractor seeking to subcontract or do business" with SJVOA. (Complaint ¶ 15(i), ECF No. 1.) He further contends that SJVOA was a recipient of federal financial assistance, albeit indirectly, through funds received by Fresno County for its school athletic programs.[1] (Complaint ¶ 21, ECF No. 1.) Construing Plaintiff's Complaint liberally (as the Court is required to do), Plaintiff has

---

[1] An entity need not receive federal funds *directly* to fall within the definition of "receiving Federal financial assistance," although merely benefitting from federal funds is not enough. *NCAA v. Smith*, 525 U.S. 459, 468 (1999) ("Entities that receive federal assistance, whether directly or through an intermediary, are recipients within the meaning of Title IX; entities that benefit economically from federal assistance are not").

sufficiently stated a claim under 42 U.S.C. § 2000d.

## V. RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS the following:

1. Plaintiff's claim against Defendants under 42 U.S.C. § 1981 (First Cause of Action) be allowed to proceed;

2. Plaintiff's claim against Defendants under 42 U.S.C. § 2000d (Third Cause of Action) be allowed to proceed; and

3. Plaintiff's claim against Defendants under 42 U.S.C. § 1983 (Second Cause of Action) be DISMISSED WITH PREJUDICE.

These findings and recommendations will be submitted to the district judge assigned to this case pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 3, 2015**              /s/ Gary S. Austin
                                    UNITED STATES MAGISTRATE JUDGE