**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES M. LANIER,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>SAN JOAQUIN VALLEY OFFICIALS ASSOCIATION, *et al*.<br><br>　　　　　Defendants. | **Case No. 1:14-cv-01938-JAM-GSA**<br><br>**SECOND INFORMATIONAL ORDER** |

**INFORMATIONAL ORDER TO PRO SE LITIGANTS**

Parties to this litigation shall take note of the following requirements:

**1.** Defendants must reply to the complaint within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a).

**2.** Unless otherwise ordered, all motions to dismiss, motions for summary judgment, motions concerning discovery, motions pursuant to Rules 7, 11, 12, 15, 41, 55, 56, 59 and 60 of the Federal Rules of Civil Procedure, and motions pursuant to Local Rule 110 shall be briefed pursuant to Local Rule 230.

**3.** At some point in the litigation, Defendant(s) may file a motion to dismiss this action on any number of grounds. Plaintiff has the right to oppose the motion in writing. Written oppositions must be filed not more than 14 days, plus 3 days for mailing, prior to the noticed

1

hearing date. Local Rule 230(c) provides that no party will be entitled to be heard in opposition to the motion at oral arguments if opposition to the motion has not been timely filed. Local Rule 230(c).

**4.**     At some point in the litigation, the Defendant(s) may move for summary judgment as to some or all of plaintiff's claims. Plaintiff should take note of the following rights and requirements for opposing the motion:

**a.**     Unless otherwise ordered, all motions for summary judgment are briefed pursuant to Local Rule 230(c).

**b.**     Plaintiff is required to file an opposition or a statement of non-opposition to Defendants' motion for summary judgment. Local Rule 230(c).

**c.**     A motion for summary judgment is a request for judgment on some or all of Plaintiff's claims in favor of Defendant(s) without trial. Fed. R. Civ. P. 56(a). The motion sets forth the facts which Defendant(s) contend are not reasonably subject to dispute and that entitle them to judgment as a matter of law. Fed. R. Civ. P. 56(c). This is called the Statement of Undisputed Facts. Local Rule 260(a).

Plaintiff has the right to oppose a motion for summary judgment. To oppose the motion, Plaintiff must show proof of his or her claims. Plaintiff may agree with the facts set forth in the motion but argue that Defendant(s) are not entitled to judgment as a matter of law.

Alternatively, if Plaintiff does not agree with the facts set forth in the motion, Plaintiff may show that the facts are disputed in one or more of the following ways:

(1) Plaintiff may rely on statements made under the penalty of perjury in the complaint or the opposition if:

(a) the complaint or opposition shows that Plaintiff has personal knowledge of the matters stated; and,

(b) Plaintiff calls to the Court's attention those parts of the complaint or opposition upon which Plaintiff relies;

        (2) Plaintiff may serve and file declarations setting forth the facts which Plaintiff believes prove his or her claims;

        (3) Plaintiff may rely on written records but Plaintiff must prove that the records are what Plaintiff purports them to be; or,

        (4) Plaintiff may rely on all or any part of the transcript of one or more depositions, answers to interrogatories, or admissions obtained in this proceeding. Should Plaintiff fail to contradict Defendants' motion with declarations or other evidence, Defendants' evidence will be taken as true, and final judgment may be entered without a full trial. Fed. R. Civ. P. 56(e).

    In opposing a motion for summary judgment, Local Rule 260(b) requires Plaintiff to reproduce Defendants' itemized facts in the Statement of Undisputed Facts and admit those facts which are undisputed and deny those which are disputed. If Plaintiff disputes (denies) a fact, Plaintiff must cite to the evidence used to support that denial (*e.g.*, pleading, declaration, deposition, interrogatory answer, admission, or other document). Local Rule 260(b). Plaintiff should also consult any scheduling order issued to determine if a joint statement of undisputed facts is required by the judge. If a joint statement of undisputed facts is required, Plaintiff will be required to consult with the Defendant(s) to identify those facts that are undisputed by both parties.

    **d.**    If discovery has not yet been opened or if discovery is still open and Plaintiff is not yet able to present facts to justify the opposition to the motion, the Court will consider a request to postpone consideration of the motion. Fed. R. Civ. P. 56(d). Any request to postpone consideration of Defendants' motion for summary judgment must include the following: (1) a declaration setting forth the specific facts Plaintiff hopes to elicit from further discovery; (2) a showing that the facts exist; and (3) a showing that the facts are essential to opposing the motion for summary judgment. *Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009); *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100-01 (9th Cir. 2006); *State of California v. Campbell*, 138 F.3d 772, 779 (9th Cir. 1998). The request to postpone the motion for summary judgment

must identify what information is sought and how it would preclude summary judgment. *Blough*, 574 F.3d at 1091 n.5; *Tatum*, 441 F.3d at 1100-01; *Margolis v. Ryan*, 140 F.3d 850, 853 (9th Cir. 1998); Local Rule 260(b).

    **e.**    Unsigned declarations will be stricken and declarations that are not signed under penalty of perjury have no evidentiary value.

**5.**    The failure of any party to comply with this order, the Federal Rules of Civil Procedure, or the Local Rules of the Eastern District of California may result in the imposition of sanctions including, but not limited to, dismissal of the action or entry of default

IT IS SO ORDERED.

Dated: **September 1, 2015**          **/s/ Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE