**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES M. LANIER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAN JOAQUIN VALLEY OFFICIALS ASSOCIATION, *et al*.<br><br>　　　　Defendants. | **Case No. 1:14-cv-01938-EPG**<br><br>**ORDER RE: ABSTENTION** |

Plaintiff, proceeding *pro se*, filed this action on December 4, 2014.  (ECF No. 1.)  On November 23, 2015, the parties filed a Joint Scheduling Report indicating that a potentially related state case, *Lanier v. San Joaquin Valley Officials Association et al.*, No. 13CECG02843 (the "State Action"), was currently pending in Fresno County Superior Court.  Based on this representation, the Court requested that the parties provide briefing on the status of the State Action, including the claims alleged and procedural posture.  In the briefing, Defendants suggest that the present case should be stayed pending the outcome of the State Action based on the principle of *Younger* abstention.

After considering the briefing submitted, the Court has determined that a stay in this case is not warranted at this time.  *Younger* does not apply because the Court has not been asked to

1

intervene or otherwise interfere with the State Action.  *See Younger v. Harris*, 401 U.S. 37, 45 (1971) ("the normal thing to do when federal courts are asked to enjoin pending proceedings in state courts is not to issue such injunctions"); *AmerisourceBergen Corp. v. Roden*, 495 F.3d 1143, 1149 (9th Cir. 2007) ("once the three *Middlesex* elements are satisfied, the court does not automatically abstain, but abstains only if there is a *Younger*-based *reason* to abstain—i.e., if the court's action would enjoin, or have the practical effect of enjoining, ongoing state court proceedings").

Other types of abstention are likewise inappropriate at this juncture.  As a general rule, "federal courts have 'a virtually unflagging obligation . . . to exercise the jurisdiction given them" and "only 'exceptional circumstances' can justify departure from the general rule that federal courts must exercise the jurisdiction granted to them." *Jenkins v. City of Richmond*, No. C08-03401 MHP, 2009 WL 35224, at *2 (N.D. Cal. Jan. 6, 2009), *quoting Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).  This rule is particularly acute when a Plaintiff asserts federal claims in the civil rights context, as Plaintiff has done here.  *Id.* at *4 ("the civil rights context militates more strongly in favor of federal courts exercising their jurisdiction"), *citing Tovar v. Billmeyer*, 609 F.2d 1291, 1293 (9th Cir. 1979). Here, the State Action alleges state law claims that are different than those asserted by the current action.  The resolution of the claims in the State Action will not necessarily resolve the claims in the current case.  At this point, the State Action is also in default and it is unknown whether default will be set aside.

This is not to say, however, that each case must operate in a vacuum.  The Court is aware that the State Action and this case involve the same parties and appear to involve similar facts. Other similarities may reveal themselves as the cases progress.  It is possible that the parties may choose to consolidate these actions or otherwise coordinate these actions.  *See Cartwright v. Univ. of Cal., Davis*, No. 2:05cv0725-MCE-KJM, 2006 WL 902568, at *6 (E.D. Cal. April 5, 2006) ("allowing 05-cv-0725-MCE-KJM and 05-cv-2439-MCE-KJM to proceed leaves open the possibility that the parties will ultimately agree to litigate all claims in one comprehensive action").  The parties may decide to coordinate discovery efforts in the two cases to aid

efficiency.  And decisions in one case may be instructive or even collaterally estop issues in the other.  The parties are invited to keep the Court apprised to the extent that developments in the State Action may inform the proceedings in this action.

    Nevertheless, the Court holds that abstention is inappropriate at this time and this action will proceed consistent with the Scheduling Conference Order of December 15, 2015.  (ECF No. 25.)

IT IS SO ORDERED.

Dated:  **January 15, 2016**      /s/ Erica P. Grosjean
                           UNITED STATES MAGISTRATE JUDGE