1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

JAMES M. LANIER,

          Plaintiff,

   v.

SAN JOAQUIN VALLEY OFFICIALS
ASSOCIATION, *et al*.

          Defendants.

Case No. 1:14-CV-01938-EPG

**ORDER RE: DEFENDANTS' MOTION TO
COMPEL AND MOTION FOR SANCTIONS**

(ECF No. 46)

   Plaintiff James M. Lanier ("Plaintiff"), appearing *pro se*, filed a Complaint (the "Complaint") on December 4, 2014. (ECF No. 1.) The Complaint alleges violations of 42 U.S.C. §§ 1981, 1983, and 2000d against the San Joaquin Valley Officials Association and the individual members of the Association"s Board of Directors (collectively, the "Defendants"). *Id*.

   On August 10, 2016, Defendants filed a Motion to Compel Responses to Special Interrogatories, Request to Produce, Request for Admissions and Request for Sanctions, (ECF No. 46), which is now before this Court.

## I.   BACKGROUND

   On July 13, 2016, Defendants filed a joint status report indicating that they had not yet received any responses to discovery requests from Plaintiff, despite the fact that the discovery requests had been

1

served on Plaintiff on April 7, 2016.  (ECF No. 39.)  On July 18, 2016, the Court held a status conference and directed Plaintiff to respond to any outstanding discovery requests propounded on him by Defendants no later than August 15, 2016 (for the production of any documents associated with other cases that Plaintiff had litigated) and August 1, 2016 (for any other responses).  (ECF No. 43.)  The Court set a discovery hearing on August 23, 2016 and instructed the parties to file a joint statement regarding any discovery disagreements no later than August 19, 2016.  Finally, the Court extended the non-expert discovery cutoff date to August 15, 2016.

On August 2, 2016, Defendants informed the Court that Plaintiff had failed to comply with the Court's order requiring Plaintiff to provide discovery responses by August 1, 2016.  Defendants reported that they had met and conferred with Plaintiff and that he had informed them that he would not meet his deadline.  The Court granted Defendants permission to file a motion to compel and a motion for sanctions, to be heard on the previously scheduled date of August 23, 2016.  On August 10, 2016, Defendants filed a motion to compel responses to special interrogatories, requests for production, and requests for admissions.  (ECF No. 46.)  In the motion, Defendants request the Court compel responses to the requests and award sanctions, up to and including terminating sanctions.

On August 23, 2016, the Court held a discovery hearing on the motion.  Plaintiff alleged that he had never been served with the motion, despite the fact that Defendants had included a signed proof of service with the filing.  Defendants also notified the Court that Plaintiff had recently served responses to the disputed discovery requests, although Defendants argued that the responses to several of the requests were deficient.  Because Plaintiff had also filed a motion to compel the day before the hearing, the Court elected to allow both parties additional time to file opposition briefing.[1]  On August 31, 2016, Defendants filed Plaintiff's responses to the discovery requests with attached proofs of service indicating that the responses had been served August 10, 2016.  (ECF No. 53.)  On September 1, 2016, Plaintiff filed his opposition to Defendants' motion and attached supplemental responses that he had served on August 26, 2016.  (ECF No. 54.)

Defendants' motion to compel and for sanctions is now before the Court.  Both parties have

---

[1] Plaintiff's motion to compel is addressed in a separate order.

submitted briefing on the issues and the Court has determined that this matter is suitable for decision without further oral argument pursuant to Local Rule 230(g).

## II.    MOTION TO COMPEL

Under Rule 37 of the Federal Rules of Civil Procedure, a party may move for an order "compelling disclosure or discovery" when a responding party has failed to respond to discovery or has provided evasive or incomplete responses. The scope of permissible discovery is intentionally broad and can include "any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  Defendants separately request relief with respect to their:  (1) Requests for Production; (2) Special Interrogatories; and (3) Requests for Admissions.  Plaintiff admits that his responses to each of these items were untimely.  (Plaintiff's Opposition Brief at 2:13-17, ECF No. 54.)

This Court is within its discretion to issue sanctions based solely on Plaintiff's failure to abide by the Court's order regarding the deadline for responses.  Because Plaintiff has served responses, however, the Court will review Plaintiff's responses to determine whether they are deficient before turning to the question of sanctions.

### A.  Requests for Production

A party may serve on any other party a request within the scope of Rule 26(b) to produce and permit the requesting party or its representative to inspect, copy, test, or sample any designated documents or tangible things in the responding party's possession, custody or control.  Fed. R. Civ. P. 34(a)(1) (quotation marks omitted).  In responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist, Fed. R. Civ. P. 26(g)(1), the responding party should so state with sufficient specificity to allow the Court to determine whether the party made a reasonable inquiry and exercised due diligence.  *Uribe v. McKesson*, No. 08cv1285 DMS (NLS), 2010 WL 892093, at *2-3 (E.D. Cal. Mar. 9, 2010).  Boilerplate objections to requests are inadequate to preclude production.  Fed. R. Civ. P. 34(b)(2)(B), (C); *Burlington N. & Santa Fe Ry. Co.*, 408 F.3d 1142, 1149 (9th Cir. 2005).

Defendants propounded 51 requests for production on Plaintiff on April 7, 2016.  (ECF No. 53-1.)  On August 10, 2016, Plaintiff responded to Defendants' requests.  In response to each request, Plaintiff has either produced responsive documents or stated that no such documents exist.  These

responses are proper and it appears that Plaintiff has produced at least some responsive documents.  In response to two requests, however, Plaintiff objects that the requests are "vague and ambiguous and cannot be answered."  These two requests ask for documents reflecting Plaintiff's ability to provide services in competition with Defendant SJVOA:

> **Request for Production No. 47**: All documents evidencing your resources and ability to provide equivalent officiating services in the San Joaquin Valley in comparison to SJVOA.

> **Request for Production No. 48**: All documents evidencing the maximum number of games officiated by Plaintiff in one season.

Neither of these requests appears to be vague or ambiguous, nor does Plaintiff's objection explain any ambiguity to the extent necessary to understand the objection.  Plaintiff's objections are improper and do not provide a basis for failing to respond to the requests.

## B.  Interrogatories

An interrogatory may relate to any matter that may be inquired into under Rule 26(b), and an interrogatory is not objectionable merely because it asks for an opinion or contention that relates to fact or the application of law to fact.  Fed. R. Civ. P. 33(a)(2) (quotation marks omitted).  Parties are obligated to respond to interrogatories to the fullest extent possible under oath, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity.  Fed. R. Civ. P. 33(b)(4); *Davis v. Fendler*, 650 F.2d 1154, 1160 (9th Cir. 1981).  A responding party is not generally required to conduct extensive research to answer an interrogatory, but must make a reasonable effort to respond.  *Gorrell v. Sneath*, 292 F.R.D. 629, 632 (E.D. Cal. 2013); *L.H. v. Schwarzenegger*, No. S-06-2042 LKK GGH, 2007 WL 2781132, *2 (E.D. Cal. Sept. 21, 2007).

Defendants served 41 interrogatories on Plaintiff on April 7, 2016.  (ECF No. 53-1.)  Plaintiff responded to the interrogatories on August 10, 2016 and supplemented his responses on August 26, 2016.  (ECF No. 53-3.)  To some of the interrogatories, Plaintiff appears to have made a reasonable effort to respond.  Other responses, however, are more troubling.  For instance, **Interrogatory No. 21** asks:

> Do you contend that SJVOA discriminated by raced [sic] regarding who is appointed to the SJVOA Board of Directors? If so state:

4

a.      The name and address of each person who was denied an appointment because of race.

b.      The name, address and phone number of each person who can testify at trial that the SJVOA Board of Directors discriminates by race regarding who is appointed to the SJVOA Board of Directors.

c.      All names, addresses and phone number of each person who can testify at trial that the SJVOA Board of Directors discriminates by race regarding who is appointed to the SJVOA Board of Directors.

(ECF No. 53-1.) In response, Plaintiff stated:

> YES – to my knowledge, from my own personal experience, and from conversations with various officials, of various ethnicities, with many years within SJVOA the Defendants [sic] Board of Directors would not, did not promote African American participation at any level especially the level of assignor/supervisor/board of director member. (a) that is not known to any of the officiating body (b) far too may (c) far too many.

(ECF No. 53-2.)

Plaintiff later supplemented his response to object that the interrogatory was vague and ambiguous.  He also changed his answers to (b) and (c) to refer to an exhibit that appears to be a chart obtained from the website www.thearbiter.net that is labeled "SJVOA – CBOA – Basketball."  (ECF No. 53-3.)  In any case, the response plainly does not respond to the interrogatory—it does not identify any person who was denied an appointment to the SJVOA Board of Directors on the basis of race.

Similarly, **Interrogatory No. 26** asks Plaintiff to "List all instances of discrimination, including dates and times, perpetrated by each individually named Defendant against Plaintiff."  (ECF No. 53-1.) Plaintiff's response, on August 10, 2016, is merely "Far too many instances, over my 20 year time period, involving various supervisors of different sports, through game scheduling, rejection of ideas in helping promote African American officials participation, etc." (ECF No. 53-2.)  This is not responsive to the interrogatory—it does not list any specific instances of race discrimination, it does not identify any individual Defendants, and it does not provide any information on when these incidents occurred.

The same problem arises with **Interrogatory No. 27**, which asks Plaintiff to "Set forth a detailed

5

description including dates, times and person involved in each act of discriminatory conduct which was perpetrated by SJVOA against Plaintiff." (ECF No. 53-1.)  Plaintiff again responds "Far too many instances, over the 20 years, involving various supervisors of different sports during various seasons of the different sports." (ECF No. 53-2.)  As with the previous interrogatory, Plaintiff's response is wholly inadequate and provides Defendants with little or no information on the case.

Plaintiff even fails to respond to seemingly straightforward interrogatories.  **Interrogatory No. 41**, for instance, asks Plaintiff to "Set forth all facts including dates, times, locations and persons involved which support your contention in paragraph 24(3) of Plaintiff's Complaint which alleges the existence of 'specific instances of discrimination.'" (ECF No. 53-1.)  Plaintiff did not respond to his interrogatory initially on August 10, 2016.  When he responded on August 26, 2016, he merely objected to the interrogatory, saying "Objection, this question is vague and ambiguous and cannot be answered as requested." (ECF No. 53-3.)  Contrary to Plaintiff's objection, there is nothing vague or ambiguous about this interrogatory—it merely requests specific information or facts justifying a specific allegation in Plaintiff's Complaint.

In sum, the Court finds that Plaintiff has not complied with his discovery obligations with respect to the interrogatories and Defendants are entitled to some form of relief.

### C.  Requests for Admissions

"A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Fed. R. Civ. P. 36(a)(1).

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it.  A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.  The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.

Fed. R. Civ. P. 36(a)(4).

"The grounds for objecting to a request must be stated," Fed. R. Civ. P. 36(a)(5), and with other forms of discovery, it is well established that boilerplate objections do not suffice. *See, e.g.*, *Thompson v. Yates*, No. 1:06-cv-00763-RCC, 2011 WL 5975469, at *2-3 (E.D. Cal. Nov. 29, 2011); *Everest Indem. Ins. Co. v. Aventine-Tramonti Homeowners Assoc.*, No. 2:09-cv-1672-RCJ-RJJ, 2011 WL 3841083, at *2 (D. Nev. Aug. 29, 2011); *Palladini v. City of Milpitas*, No. CV 06-00779 JW (HRL), 2008 WL 1774090, at *2 (N.D. Cal. Apr. 16, 2008); *Medina v. U.P.S.*, No. C-06-791 JW PVT, 2007 WL 2123699, at *2 (N.D. Cal. July 23, 2007); *Eastridge Personnel of Las Vegas, Inc. v. Du-Orpilla*, No. 2:06-cv-00776-KJD-PAL, 2007 WL 1232229, at *2 (D. Nev. Apr. 26, 2007); *A. Farber & Partners, Inc. v. Garber*, 237 F.R.D. 250, 255 (C.D. Cal. 2006).

Finally, "[t]he requesting party may move to determine the sufficiency of an answer or objection," Fed. R. Civ. P. 36(a)(6). "Unless the court finds an objection justified, it must order that an answer be served. On finding that an answer does not comply with this rule, the court may order either that the matter is admitted or that an amended answer must be served." *Id.* Failure to respond to a request for an admission in a timely fashion also "results in the automatic admission of the matters requested . . . No motion to establish the admissions is needed because Federal Rule of Civil Procedure 36(a) is self-executing." *Smith v. Pac. Bell Tel. Co., Inc.*, 662 F.Supp.2d 1199, 1229 (E.D. Cal. 2009), *quoting FTC v. Medicor LLC*, 217 F.Supp.2d 1048, 1053 (C.D. Cal. 2002). "Once admitted, the matter 'is conclusively established unless the court on motion permits withdrawal or amendment of the admission." *Conlon v. U.S.*, 474 F.3d 616, 621 (9th Cir. 2007), *quoting* Fed. R. Civ. P. 36(b).

Defendants served 18 requests for admission on Plaintiff on April 7, 2016. (ECF No. 53-1.) In the initial requests, Defendants stated, in all caps: "If you fail to comply with the provisions of rule 36 of the Rules of Civil Procedure with respect to these Requests for Admission, each of the matter for which an admission is requested will be deemed admitted." *Id.* Plaintiff responded to those requests in an untimely fashion on August 8, 2016 (ECF No. 53-2) and supplemented those responses on August 26, 2016 (ECF No. 83-3).

This Court has discretion to find that all requests for admission were deemed admitted because there was no timely response, nor a response on the Court-ordered deadline. Nevertheless, the Court looks to the responses served on August 8 and August 26 as amended answers. Fed. R. Civ. P. 36(b)

7

("the court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits."). "The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." *Conlon*, 474 F.3d at 622, *quoting Hadley v. U.S.*, 45 F.3d 1345, 1347 (9th Cir. 1995). "The party relying on the deemed admission has the burden of proving prejudice" with respect to the second half of the test. *Id.* The admissions in dispute would unquestionable eliminate any consideration of the merits of this case—Request for Admission No. 4, for example, asks Plaintiff to "Admit that no member of the SJVOA Board of Directors verbally discriminated against you based on race." (ECF No. 53-1.) Nor have Defendants made any showing that they would be substantially prejudiced if amendment were allowed. *Conlon*, 474 F.3 at 624 ("We agree with the other courts that have addressed the issue and conclude that reliance on a deemed admission in preparing a summary judgment motion does not constitute prejudice.").

The Court finds that Plaintiff's amended responses to the Requests are sufficient. He has admitted or denied each of the Requests and, in some cases, provided clarifying information. Admittedly, some of Plaintiff's responses have included unwarranted or improper objections ("Objection, this question is vague and ambiguous and cannot be answered as phrased" in response to Request for Admission No. 18) (ECF No. 53-3.) , but Plaintiff goes on to admit the request. Although Plaintiff's responses were untimely, both with respect to the deadline imposed by the Federal Rules of Civil Procedure and this Court's orders, the responses are substantively sufficient.

## III.    MOTION FOR SANCTIONS

Pursuant to the Federal Rules of Civil Procedure, if a party "fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders." Fed. R. Civ. P. 37(b). "Just orders" may include, among other things, the following:

> (i)    directing that the matters embraced in the order or other designated facts be taken as established for the purposes of the action, as the prevailing party claims;
>
> (ii)    prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

1       (iii)  striking pleadings in whole or in part;

2       (iv)   staying further proceedings until the order is obeyed; or,

3       (v)  dismissing the action or proceedings in whole or in part.

4    Fed. R. Civ. P. 37(b)(2).

5      "Federal Rule of Civil Procedure 37 authorizes the district court, in its discretion, to impose a

6    wide range of sanctions when a party fails to comply with the rules of discovery or with court orders

7    enforcing those rules." *Wyle v. R.J. Reynolds Indus., Inc.,* 709 F.2d 585, 589 (9th Cir.1983), *citing Nat'l*

8    *Hockey League v. Metro. Hockey Club, Inc.,* 427 U.S. 639, 643 (1976). In addition, Rule 37 provides for

9    an award of monetary sanctions:  if a party fails to obey a discovery order, the party may be required to

10   "pay the reasonable expenses . . . caused by the failure, unless the failure was substantially justified or

11   other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(b)(2)(C) (emphasis added).

12   Notably, "sanctions may be imposed even for negligent failure to provide discovery." *Fjelstad v. Am.*

13   *Honda Motor Co.,* 762 F.2d 1334, 1343 (9th Cir.1985), *citing Lew v. Kona Hosp.,* 754 F.2d 1420, 1427

14   (9th Cir.1985); *Marquis v. Chrysler Corp.,* 577 F.2d 624, 642 (9th Cir.1978).

15     **A.  Terminating Sanctions**

16     A court is permitted to impose the sanction of dismissal or default under Rule 37 only in

17   "extreme circumstances" where the violation is "due to willfulness, bad faith, or fault of the party." *In re*

18   *Exxon Valdez,* 102 F.3d 429, 432 (9th Cir.1996). In determining whether to dismiss an action or enter

19   default pursuant to Rule 37(b)(2)(C), a district court should consider five factors:

20
21     (1) the public's interest in expeditious resolution of litigation; (2) the court's need to
       manage its docket; (3) the risk of prejudice to the [opposing party]; (4) the public policy
       favoring disposition of cases on their merits; and (5) the availability of less drastic

22     sanctions.' *Payne v. Exxon Corp.,* 121 F.3d 503, 507 (9th Cir. 1997), *quoting Malone v.*
       *U.S. Postal Serv.,* 833 F.2d 128, 130 (9th Cir.1987). Where a court order is violated, the
       first and second factors will favor sanctions and the fourth will cut against them. *Id.*

23   *Computer Task Group, Inc. v. Brotby,* 364 F.3d 1112, 1115 (9th Cir.2004).

24     The Ninth Circuit Court of Appeals has stated that this multi-factor test is "not

25   mechanical," *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills,* 482 F.3d 1091, 1096 (9th Cir.

26   2007), and the court "need not make explicit findings regarding each of these factors," *Leon v. IDX Sys.*

27   *Corp.,* 464 F.3d 951, 958 (9th Cir. 2006). Rather, the test "provides the district court with a way to think

28

1    about what to do, not a set of conditions precedent for sanctions or a script that the district court must

2    follow." *Conn. Gen. Life Ins. Co.,* 482 F.3d at 1096. "What is most critical for case-dispositive

3    sanctions, regarding risk of prejudice and of less drastic sanctions, is whether discovery violations

4    threaten to interfere with the rightful decision of the case." *Id.* at 1097.

5          Courts may also impose sanctions, including terminating sanctions, as part of their inherent

6    power "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases" or

7    based on a failure to comply with court orders. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 43 (1991);

8    *Pagtalunan v. Galazza*, 291 F.3d 639, 642 (9th Cir. 2002). In both instances, the Ninth Circuit has held

9    that the same five-factor test utilized in the context of Rule 37 sanctions applies. *Leon,* 464 F.3d at 958

10   n. 4; *Pagtalunan*, 291 F.3d at 642.

11         Plaintiff failed to respond to any of Defendants' discovery requests within the required time

12   frame and did not comply with the Court's order to respond to those requests by August 1, 2016.

13   Defendants request terminating sanctions based on this noncompliance.  As explained above, the Court

14   considers five factors in deciding whether to issue terminating sanctions.

15         The first and second factors (the public's interest in expeditious resolution of the litigation and

16   the court's need to manage its docket) both favor the issuance of dispositive sanctions, while the fourth

17   (the public policy favoring disposition of cases on their merits) disfavors it. *Li v. A Perfect Day*

18   *Franchise*, 281 F.R.D. 373, 392 (N.D. Cal. 2012) ("Where a court order is violated, the first and second

19   factors weigh in favor of default, while the fourth weighs against default; the third (risk of prejudice to

20   the party seeking sanctions) and fifth factors (availability of less drastic sanctions) are therefore

21   decisive"), *citing Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).

22         The third factor, the risk of prejudice to the party seeking sanctions, considers whether "the [non-

23   moving party's] actions impair the [moving party's] ability to go to trial or threaten to interfere with the

24   rightful decision of the case." *Id.*  Plaintiff's failure to respond to discovery in a timely fashion does

25   interfere with Defendants' ability to go to trial and receive a fair decision in this case.  Non-expert

26   discovery has now closed and the dispositive motion filing deadline is only weeks away.  The matter is

27   set for trial only three months from now.  Plaintiff's failure to respond to Defendants' written discovery

28   has damaged their ability to determine whether the allegations in Plaintiff's Complaint have any factual

basis and to defend themselves against those allegations.

The fifth factor, however, the availability of lesser sanctions, counsels against dismissal at this point in the case. As Defendants acknowledge, there are other avenues and sanctions available. Dismissal of a case as a sanction "is 'the most severe penalty,' and is authorized only in 'extreme circumstances.'" *Li*, 281 F.R.D. at 392, *quoting United States ex rel. Wiltec Guam, Inc. v. Kahaluu Constr. Co.*, 857 F.2d 600, 603 n. 5 (9th Cir. 1988). While Plaintiff failed to respond to Defendants' discovery when required, Defendants also delayed in bringing this issue to the Court's attention and only did so three months after the discovery requests had been served and one month after the original non-expert discovery cutoff. (ECF Nos. 25, 39.) The Court thus declines to issue terminating sanctions in this instance. Nonetheless, the Court recognizes that Plaintiff initially failed to respond to Defendants' discovery requests, disobeyed the Court's instructions to respond to Defendants' discovery requests, and ultimately failed to respond sufficiently to a number of discovery requests, which are detailed, in part, above. Thus, at least some variety of sanction is warranted.

### B. Monetary Sanctions

Federal Rule of Civil Procedure 37(b)(2)(C) requires that monetary sanctions be imposed on the disobedient party or attorney "unless the failure was substantially justified or other circumstances make an award of expenses unjust." The fact that Plaintiff eventually responded to the discovery requests does not preclude imposition of monetary sanctions. *N. Am. Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1451 (9th Cir. 1986) ("Belated compliance with discovery orders does not preclude the imposition of sanctions."). Plaintiff's failure to comply with discovery requirements and the Court's order was not substantially justified. However, Plaintiff is currently proceeding *in forma pauperis*, which makes it unlikely that he would be able pay any monetary sanction or that it would spur compliance with the Court's orders. *Sanchez v. Rodriguez*, 298 F.R.D. 460, 466 (C.D. Cal. 2014) ("because plaintiff is proceeding in forma pauperis due to documented indigency, plaintiff would be unable to pay a monetary sanction and the imposition of such a sanction would be futile as a means of inducing him to comply with this Court's discovery orders."); *Jones v. Frazesn*, Case No. 2:07-cv-02758 RCT, 2009 WL 3254905, at *3 (E.D. Cal. Oct. 8, 2009) ("While Plaintiff's failure to abide by his obligations under this Court's discovery orders was not substantially justified, the Court finds his *in*

*forma pauperis* status a circumstance that makes an award of expenses unjust.").  No monetary sanctions will be issued in this instance.

### C.  Evidentiary Sanctions

Rule 37(b)(2)(A) also allows the issuance of evidentiary sanctions "prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence."  Under this rule, trial courts are entitled to preclude the introduction of evidence or issues following a failure to comply with discovery orders.  *Von Brimer v. Whirlpool Corp.*, 536 F.2d 838, 843 (9th Cir. 1976).

As discussed above, Plaintiff has failed to adequately respond to:

- Requests for Production Nos. 47 and 48, which request documents showing the ability of Plaintiff's business to provide equivalent officiating services as SJVOA and which demonstrate the maximum number of games Plaintiff has officiated in any given season; and,

- Special Interrogatories Nos. 21, 26, 27, and 41, which ask for:
  - The name and address of any individual who was denied an appointment to the SJVOA Board of Directors because of race;
  - A list of all instances of discrimination perpetrated by individual Defendants against Plaintiff;
  - A description of each act of discriminatory conduct which Defendant SJVOA perpetrated against Plaintiff; and,
  - Any facts supporting the allegation in Plaintiff's Complaint that he was subjected to specific instances of racial discrimination by Defendants.

The Court finds it appropriate, based on these failures, to preclude Plaintiff from introducing further facts or evidence in response to these issues, to the extent not specifically disclosed in his discovery responses.  Discovery is first and foremost a way for one party to determine the evidence supporting another party's allegations, so it can properly investigate that evidence prior to trial.  Here, Plaintiff has thwarted Defendants' efforts to understand the basis of Plaintiff's allegations.  Plaintiff did not comply with the initial deadlines for discovery as set by the discovery rules, did not comply with the

1    Court ordered dealine, and when he finally provided resonses, they were insufficient.  This may be

2    because Plaintiff has failed to put forth the time to set down his evidence to writing, or it may be that

3    Plaintiff does not have additional evidence to disclose.  In either case, the time for discovery has closed

4    and Plaintiff should be held to the evidence and information he disclosed to Defendants in discovery.

5        Specifically, the Court orders that Plaintiff cannot offer or introduce into evidence facts,

6    documents or other evidence, either during summary judgment or at trial, which were not specifically

7    identified and disclosed to Defendants in discovery as of August 26, 2016.  For example, Plaintiff may

8    not later assert that he knows of an individual who was denied an appointment to the SJVOA Board of

9    Directors because of race, nor may he attempt to seek testimony or other evidence from any such

10    individual, unless that individual was specifically identified in response Special Interrogatory No. 21.

11    Moreover, Plaintiff is prohibited from further attempting to supplement his discovery responses; his case

12    must succeed or fail on the information he has disclosed as of August 26, 2016.

13        Such sanctions are reasonably related to the subject of discovery that was frustrated by Plaintiff's

14    sanctionable conduct.  *Li v. A Perfect Day Franchise, Inc.*, 281 F.R.D. 373, 393-394 (N.D. Cal. 2012)

15    (issue sanction justified for failure to produce documents and deponents); *Tacori Enters. v. Beverly*

16    *Jewellery Co. Ltd.*, 253 F.R.D. 577, 584 (C.D. Cal. 2008), *citing Nike, Inc. v. Wolverine World Wide,*

17    *Inc.*, 43 F.3d 644, 647-49 (Fed. Cir. 1994) (applying Ninth Circuit law and affirming court order

18    precluding plaintiff from presenting evidence regarding one theory of liability when plaintiff did not

19    provide discovery on the issue).

20    **IV.**    **ORDER**

21        For the reasons set forth above, Defendants' Motion to Compel and Request for Sanctions

22    against Plaintiff James Lanier (ECF No. 46) is GRANTED IN PART and DENIED IN PART.

23    IT IS SO ORDERED.

24

25    Dated:    **September 12, 2016**        /s/ Erica P. Grosjean

                                         UNITED STATES MAGISTRATE JUDGE

26

27

28