1
2
3
4
5
6
7

8

9

10

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

11

12

13

14

15

16

17

JAMES M. LANIER,

           Plaintiff,

   v.

SAN JOAQUIN VALLEY OFFICIALS
ASSOCIATION, *et al*.

           Defendants.

Case No. 1:14-CV-01938-EPG

**ORDER RE: PLAINTIFF'S MOTION TO
COMPEL ADDITIONAL DISCOVERY**

(ECF No. 49, 52)

18

19

20

21

     Plaintiff James M. Lanier ("Plaintiff"), appearing *pro se*, filed a Complaint (the "Complaint") on December 4, 2014. (ECF No. 1.) The Complaint alleges violations of 42 U.S.C. §§ 1981, 1983, and 2000d against the San Joaquin Valley Officials Association and the individual members of the Association''s Board of Directors (collectively, the "Defendants"). *Id*.

22

23

24

     On August 10, 2016, Defendants filed a Motion to Compel Responses to Special Interrogatories, Request to Produce, Request for Admissions and Request for Sanctions, (ECF No. 46), which is now before this Court.

25

26

27

     On July 18, 2016, the Court held a mid-discovery status conference and granted Plaintiff James Lanier permission to file a motion to compel "regarding Defendants' tax documents, assignment reports, and board member/assignment supervisor member lists."  (ECF No. 43.)  The Court further set a

28

discovery hearing for August 23, 2016 and ordered the parties to file a joint statement regarding any discovery disputes in conformance with Local Rule 251(c) no later than August 19, 2016.

On August 22, 2016, Plaintiff filed a Motion to Compel Additional Discovery requesting:  (1) 1099 information from all individual Defendants for the years 2010 through 2015; (2) assignment records from all Defendants for the 2015-2016 season; (3) a complete history of Defendant San Joaquin Valley Officials Association's ("SJVOA") assignor-supervisor positions and board of director positions; (4) email communications between Plaintiff and Defendant Kayajanian in July, August, and September 2013; (5) email communications between Defendant Kayajanian and all other board members regarding Plaintiff's business proposal; and (6) all minutes from SJVOA board meetings in July, August, and September 2013.

At the August 23, 2016 hearing, the Court set a briefing schedule for Plaintiff's motion to compel and informed Plaintiff that although his motion was not timely filed, the Court would consider his motion with respect to Defendants' tax records.  The Court also reminded the parties that the non-expert discovery cutoff date in the case had been set on August 15, 2016 and that no further discovery or discovery motions would be entertained.

Presently before the Court is Plaintiff's motion to compel.[1]  Both parties have submitted briefing on the issues and the Court has determined that this matter is suitable for decision without further oral argument pursuant to Local Rule 230(g).  Based on a review of the pleadings and the arguments submitted by the parties on the record, the Court DENIES IN PART and GRANTS IN PART Plaintiff's Motion to Compel Additional Discovery Responses.

District courts have "wide latitude to determine the scope of discovery." *Gucci Am., Inc. v. Guess?, Inc.*, 790 F.Supp.2d 136, 139 (S.D.N.Y. 2011), *quoting In re Agent Orange Prod. Liability Litig.*, 517 F.3d 76, 103 (2d Cir. 2008). To exercise that authority, Rule 16 of the Federal Rules of Civil Procedure allows courts to create scheduling orders that limit the amount of time parties have to complete discovery and file motions regarding that discovery. Once a scheduling order has been set, the "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).

---

[1] Defendants have also filed a motion to compel, which includes a request for sanctions.  (ECF No. 46.)  That motion is discussed in a separate order.

"[G]ood cause primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Where the "moving party fails to demonstrate diligence, 'the inquiry should end.'" *Sharp v. Covenant Care LLC*, 288 F.R.D. 465, 467 (S.D. Cal. 2012), *quoting Mammoth Recreations, Inc.*, 975 F.2d at 609. "[I]gnorance of the law is not good cause for modification," nor does a moving party's "incarcerated, pro se status," constitute good cause. *Gorton v. Bick*, No. 1:05-CV-00354-DLB PC, 2011 WL 345855, at *2 (E.D. Cal. Feb. 1, 2011), *citing King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987) ("Pro se litigants must follow the same rules of procedure that govern other litigants").

As an initial matter, Plaintiff offers no justification for his lack of diligence in seeking the requested documents before the close of discovery (or even by the briefing deadline set by the Court) and thus has not demonstrated good cause to allow further discovery.  The record makes clear that Plaintiff has known of at least some of the requested documents since December 10, 2015, when he first served requests for production on Defendant SJVOA.[2]  (Joint Scheduling Report 1:21-24, 2:7-24, ECF No. 32.)  Despite this fact, Plaintiff has waited until August 2016, nine months later, to seek production.[3] Given this lack of diligence in the discovery process, the Court finds no good cause to allow Plaintiff to conduct further discovery.  *Gil v. Woodend*, No. 1:09-cv-00917 DLB (PC), 2013 WL 4517828, at *1 (E.D. Cal. Aug. 26, 2013) (discovery request filed 9 months after close of discovery denied as untimely); *Gucci*, 790 F.Supp.2d at 139 ("Where a party is aware of the existence of documents or other information before the close of discovery and propounds requests after the deadline has passed, those requests should be denied"); *Cont'l Indus., Inc. v. Integrated Logistics Solutions, LLC*, 211 F.R.D. 442, 444 (N.D. Okla. 2002) (discovery request filed "six months after discovery cutoff . . . waived any discovery violations through unreasonable delay"); *Buttler v. Benson*, 193 F.R.D. 664, 666 (D. Colo. 2000) ("A party cannot ignore available discovery remedies for months and then, on the eve of trial, move the court for an order compelling production").

Nor would it be fair to require Defendants to respond to further discovery at this late date. The

---

[2] Plaintiff appears to have only sought discovery from Defendant SJVOA, not the individual Defendants.

[3] The Court also notes that, with the exception of the tax documents, Plaintiff did not raise these discovery issues in the Court's discovery status conferences on March 30, 2016 or July 18, 2016.  (ECF Nos. 31, 43.)

purpose of setting a time limit on discovery "is to assure both sides an opportunity immediately before trial to engage in orderly, final trial preparation, uninterrupted by a flurry of 'midnight' discovery." *King v. Georgia Power Co.*, 50 F.R.D. 134, 135-36 (N.D. Ga. 1970). Allowing further discovery at this point would frustrate both this purpose and the "obligation of the court 'to secure the just, speedy and inexpensive determination of every action.'" *Gault v. Nabisco Biscuit Co.*, 184 F.R.D. 620, 622 (D. Nev. 1999), *quoting* Fed. R. Civ. P. 1. To the extent that Defendants originally had an obligation to produce these documents (and the Court does not find, at this juncture, that they did), Plaintiff's failure to seek disclosure of the documents in a timely fashion has waived any objections he may have had. *Buttler*, 193 F.R.D. at 666 ("plaintiff's unexplained delay in seeking court assistance to obtain the documents now at issue . . . raises the inference that the plaintiff is not as concerned with obtaining the documents as he is with 'holding in abeyance a putative discovery violation' for the strategic purpose of using it late in the proceedings as a basis to prevent defendants from defending the claims against them"); *Glesenkamp v. Nationwide Mut. Ins. Co.*, 71 F.R.D. 1, 3 (N.D. Cal. 1974) *aff'd*, 540 F.2d 458 (9th Cir. 1976) ("plaintiff's failure to discover any facts in support of her claim for fraud in a year and a half . . . convinces the Court that allowing additional discovery would not serve the interests of justice").

Moreover, the Court finds that an order compelling disclosure of these documents would be unjustified, in any case. Plaintiff asks for:

1. Documents providing 1099 information for each individual Defendant;

2. Electronic assignment records for each individual Defendant for the 2015-2016 season;

3. Defendant SJVOA's history of assignor-supervisor and board of director membership list;

4. Email communications between Plaintiff and Defendant Kayajanian regarding Plaintiff's business proposal(s);

5. Email communications between Defendant Kayajanian and other members of the Board of Directors regarding Plaintiff's business proposal(s); and,

6. Minutes for SJVOA board meetings for July, August, and September 2013.

Plaintiff contends that he needs Defendants' 1099 information to demonstrate disparities in pay within the SJVOA and to show that Defendants are well compensated for their service in the SJVOA.

4

Defendant SJVOA, the party on whom the request was served, has previously produced W-2 forms showing the amounts paid to each individual Defendant by the SJVOA. Plaintiff has been unable to articulate any reason that the W-2 forms are inadequate to provide the information he seeks. The Court thus sees no need to require further discovery on this topic. Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether burden or expense of the proposed discovery outweighs its likely benefit.").

Plaintiff does not provide any basis for requesting electronic assignment records for the 2015-2016 season, nor does he explain: (1) whether he asked Defendants for this information previously; (2) how they responded; or (3) why any response by Defendants is deficient. Absent any of this information, Plaintiff's request must be denied. *Womack v. Virga*, Case No. CIV S-11-1030 MCE EFP P, 2011 WL 6703958, at *3 (E.D. Cal. Dec. 21, 2011) ("The party seeking the motion to compel discovery has the burden of informing the court why the defendants' objections are not justified or why the defendants' responses are deficient."); *Ellis v. Cambra*, Case No. 1:02-cv-05646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. March 27, 2008) ("If Defendant objects to one of Plaintiff's discovery requests, it is Plaintiff's burden on his motion to compel to demonstrate why the objection is not justified. Plaintiff must inform the court which discovery requests are the subject of his motion to compel, and, for each disputed response, inform the Court why the information sought is relevant and why Defendant's objections are not justified.").

Plaintiff's request for Defendant SJVOA's history of assignor-supervisors and board of directors memberships is similarly denied. Defendants contend that this is the first they have heard of any such request and Plaintiff does not attach the requests he served on Defendant SJVOA to demonstrate otherwise. Nor does he explain what he requested or how Defendants responded.

Plaintiff offers no reason why the Court should compel production of Defendant Kayajanian's emails, either to Plaintiff or to other board members. There is no indication that these documents were

previously requested or how Defendants responded to those requests.[4]  Moreover, Plaintiff already has access to emails between him and Defendant Kayajanian; it makes little sense to compel Defendants to produce items that Plaintiff already possesses.  Fed. R. Civ. P. 26(b)(1) (courts should consider "the parties' relative access to relevant information" in crafting the scope of discovery).  That said, emails between Defendant Kayajanian and other board members regarding Plaintiff's business proposal are arguably relevant to Plaintiff's claims.  Although the Court has the discretion to deny this request, the Court will require Defendants to produce these documents, to the extent that they were previously requested and have not yet been produced, within **10 days** of this Order.[5]

Finally, Defendants have already produced minutes for SJVOA board meetings for July, August, and September 2013.  Defendants also attach a copy of the minutes produced to their opposition.  (ECF No. 52.)  The Court is satisfied that Defendants have complied with this discovery request.  *Jimena v. UBS AG Bank*, Case No. 1:07-cv-00367-OWW-SKO, 2010 WL 4363193, at *3 (E.D. Cal. Oct. 25, 2010) ("The fact that a party may disbelieve or disagree with a response to a discovery request . . . is not a recognized ground for compelling discovery, absent some indication beyond mere suspicion that the response is incomplete or incorrect."), *quoting Gray v. Faulkner*, 148 F.R.D. 220, 223 (N.D. Ind. 1992).

For the reasons set forth above, the Motion to Compel Additional Discovery against Defendant SJVOA (ECF No. 49) is DENIED IN PART and GRANTED IN PART.

IT IS SO ORDERED.

Dated:  __**September 12, 2016**__                    __/s/ Erica P. Grosjean__
                                                                         UNITED STATES MAGISTRATE JUDGE

---

[4] It is also not clear whether these requests were served on Defendant Kayajanian or Defendant SJVOA.

[5] If Defendants require additional time to produce any such documents, they should meet and confer with Plaintiff to request an extension and notify the Court of any extension.